United States District Court
Southern District of Texas
**ENTERED**
July 21, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOESTHP ADONAY ORELLANA ARAUJO, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-26-3899 |
| BRET BRADFORD, et al., | § § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Josethp Adonay Orellana Araujo ("Petitioner"), a citizen of El Salvador, entered the United States without inspection in 2012.[1] On April 26, 2026, Petitioner was served with a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[2]  That same day Petitioner was issued a Warrant for Arrest and was taken into Immigration and Customs Enforcement

---

[1]Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 6 ¶ 24; Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative, for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 5, pp. 3-4. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 5-1, pp. 1, 4.

custody.[3]  Petitioner is currently seeking an adjustment of status and remains in immigration custody.[4]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates due process.[5]  Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 5).  Respondents argue that Petitioner's detention under § 1225(b)(2) does not violate due process because he is an applicant for admission.[6]  Petitioner did not file a reply.

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2).  Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026).  This mandatory detention does not violate substantive or procedural due process.  As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  Id. at *2

---

[3]Respondents' MSJ, Docket Entry No. 5, p. 4.

[4]Id.

[5]Habeas Petition, Docket Entry No. 1, pp. 10-12 ¶¶ 38-47. Petitioner also requests attorney's fees and costs under the Equal Access to Justice Act.  Id. at 12.  Because the court will deny Petitioner's Habeas Petition, Petitioner cannot recover attorney's fees and costs.  28 U.S.C. § 2412(a)(1) (allowing attorney's fees and costs to "be awarded to the prevailing party").

[6]Respondents' MSJ, Docket Entry No. 5, p. 1.

(quoting <u>Demore v. Kim</u>, 123 S. Ct. 1708, 1721-22 (2003)). Moreover, as explained in <u>Jacobo-Ventura v. Dickey</u>, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 20th day of July, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-3-